Kirkpatrick, C. J.
— The fourth and fifth reasons assigned for the reversal of this judgment, are these, viz.:
That the justice permitted an affidavit to be given in evidence, which affidavit was taken ex parte, without notice, or any opportunity of cross-examining being afforded to the defendant, although the person whose affidavit was read in evidence, was present at the trial, and might have been examined viva voce. And
That the action was brought in part for the maintenance [*] and clothing of a certain bastard child of the [48] plaintiffs daughter, of which child the defendant was alleged to be the father; whereas, no order of affiliation had been made or was given in evidence.
The facts contained in these two reasons, are abundantly manifest from the record. The first strikes at the proceeding of the justice — the second, at the ground of the action itself — no reasoning can be made use of to legalize the one or support the other.
*63 In my opinion tlie judgment must be reversed.
Rossell, J. — ’Concurred.
Pennington, J.
— -Tlie state of the demand in this case, contains two charges. The first, “ to boarding and nursing of Abigail; ” the second, “ to boarding and clothing his child.” The verdict and judgment is for the whole amount of both charges. The first charge does not state a cause of action; it ought to have shown who Abigail was, and why the defendant was chargeable with her board. The second charge ought to have stated that the boarding of the defendant’s child was at his request; but I am inclined to think, that this defect is cured by the verdict. In support of this charge, the ex parte affidavit of the mother was admitted in evidence, to prove the fact of the child’s being the defendant’s. This is a proceeding so repugnant to the principles of our law, that it cannot be supported. I, therefore, concur in reversing the judgment.
Judgment reversed.